IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOLBERT'S INC. et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AUDI OF AMERICA, INC. | : | NO. 12-725 |

MEMORANDUM

McLaughlin, J.                                              May 8, 2012

        The plaintiffs brought this suit for damages alleging a
violation of the Pennsylvania Board of Vehicles Act ("BVA").  The
defendant moves to dismiss for lack of subject matter
jurisdiction.  Because the plaintiffs did not comply with the
BVA's statutory requirement before filing suit, the Court will
grant the motion.


I.    Facts as Alleged in the Complaint

        The plaintiffs are Laurence and Jean Holbert and
Holbert's Inc., a former Audi dealership.  In December of 2009,
Holbert's Inc. entered into an Asset Purchase Agreement ("APA")
with Thompson Auto Group to sell the dealership to Thompson for
$4,000,000.  Compl. ¶¶ 9, 10.  In addition to the APA, Thompson's
acquisition included an agreement to lease the dealership
premises owned by the individual Holberts.  Id. ¶ 11.  On
December 4, 2009, the APA was submitted to the defendant for
approval.  Id. ¶ 10.  On February 11, 2010, Audi notified the

plaintiffs that it was exercising its Right of First Refusal under the Pennsylvania Board of Vehicles Act ("BVA").  Id. ¶ 12.

Audi refused to guarantee the lease of the dealership premises as Thompson had agreed to do.  Id. ¶ 15.  Believing this to be a violation of the BVA, the plaintiffs filed a Protest with the State Board of Vehicle Manufacturers, Dealers, and Salespersons ("the Board").  Id. ¶ 16.  Following a hearing on June 7, 2010, the Board issued its opinion on August 6, 2010. Id. ¶ 17.  The Board found that Audi violated the provisions of the BVA governing the Right of First Refusal and ordered Audi to approve the sale to Thompson.  Id. ¶ 17.

Audi filed and withdrew an appeal to the Commonwealth Court.  Id. ¶¶ 18, 24.  On December 9, 2010, after it filed a Praecipe for Discontinuance of the appeal, Audi approved the plaintiff's sale of the dealership to Thompson.  Id. ¶ 27.  That day, Thompson paid the plaintiffs the $4,000,000 purchase price and the lease of the premises commenced.  Id. ¶¶ 25, 28.

The plaintiffs bring this suit for lost interest on the $4,000,000 sale price and lost rent of the dealership premises from December 10, 2009 until December 9, 2010.  Id. ¶¶ 31, 34.

II.  Discussion[1]

        The BVA says that "[a] dealer or distributor may not
file a complaint . . . against a manufacturer or distributor
based on an alleged violation of this act . . . unless the dealer
or distributor serves a demand for mediation upon the
manufacturer or distributor before or contemporaneous with the
filing of the complaint . . . ."  63 Pa. Cons. Stat.
§ 818.11(a)(1).  The statute does not contain any exceptions, and
each plaintiff must make a mediation demand.  Gabe Staino Motors,
Inc. v. Volkswagen of Am., No. 99-5034, 2003 U.S. Dist. LEXIS
21092, at *13 (E.D. Pa. Nov. 13, 2003).

        Unlike a nonstatutory rule of procedure, "statutory
exhaustion requirements deprive [the courts] of jurisdiction"
over the case.  Bin Lin v. Attorney General of the U.S., 543 F.3d
114, 120 (3d Cir. 2008); Metro. Life Ins. Co. v. Price, 501 F.3d
271, 278 (3d Cir. 2007).

---

        [1]  In evaluating a motion under 12(b)(1), a court must
determine if the defendant is attacking jurisdiction on facial or
factual grounds.  In a facial attack, a defendant argues that the
pleadings, as a matter of law, fail to establish jurisdiction.
The court "looks only at the allegations in the pleadings and
does so in the light most favorable to the plaintiff."  United
States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506,
514 (3d Cir. 2007).  In a factual attack, the defendant
challenges the factual assertions made in the pleadings.  Where a
factual attack is made, "no presumptive truthfulness attaches to
plaintiff's allegations, and the existence of disputed material
facts will not preclude the trial court from evaluating for
itself the merits of jurisdictional claims."  Mortensen v. First
Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  The
plaintiff bears the burden of establishing jurisdiction.
Atkinson, 473 F.3d at 514.

The plaintiffs did not serve a demand for mediation before or contemporaneous with filing this complaint. The plaintiffs argue that they did not need to file a mediation demand for two reasons.

First, the plaintiffs argue that they served a mediation demand before bringing their protest to the Board in 2010, and therefore that they are not obligated by the Act to do so again. The defendant argues that the plaintiffs were required to serve a new demand letter before filing this complaint. The Court does not need to reach this issue, however, because it appears that the plaintiffs' 2010 mediation demand letter did not include "the relief sought by the dealer" in this case, as required by the statute. 63 Pa. Cons. Stat. § 818.11(a)(1).

Neither party has provided the Court with a copy of the 2010 mediation demand letter. In oral argument on May 7, 2012, both parties represented to the Court that the relief sought in the plaintiff's 2010 mediation demand letter did not include damages as a result of the delayed transaction. Because the plaintiffs seek that relief in this case, the statutory requirement is not satisfied by the 2010 demand letter.

The plaintiffs also argue that they did not bring this suit "based on an alleged violation" of the Act but instead on an actual violation of the Act, as determined by the Board. This argument relies on the principle of collateral estoppel: that

-4-

this Court is bound by the Board's decision that the defendant violated the BVA.

Collateral estoppel is not applicable when "disparate burdens of proof" apply in the two different suits.  In re Braen, 900 F.2d 621, 624 (3d Cir. 1990); see also Restatement (Second) of Judgments § 28 ("[R]elitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances: . . . (4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; [or] the burden has shifted to his adversary. . . ."); Charles Alan Wright, et al., Federal Practice and Procedure § 4422 (2d ed. 2002) ("Failure of one party to carry the burden of persuasion on an issue should not establish the issue in favor of an adversary who otherwise would have the burden of persuasion that issue in later litigation.").

In the hearing before the Board, the defendant had the burden to prove it had "not violated any provision of th[e] act as set forth in the protest filed by the new vehicle dealer."  63 Pa. Cons. Stat. § 818.8(d)(3).  In addition, the Board could prevent a protested action if it "determined there is good cause."  Id. § 818.8(d)(4).  In this Court, the plaintiffs have the burden of proving their claims by a preponderance of the evidence.  Because both the burden of proof and the evidentiary standard are different in this Court than they were before the

-5-

Board, the plaintiffs cannot rely on the Board decision in this case.  The plaintiffs are alleging a violation of the BVA and were obligated to serve a mediation demand letter prior to or contemporaneously with filing this suit.   Because they have not done so, this Court lacks subject matter jurisdiction.

An appropriate order will issue.